## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Jeffrey Russell Fox

June 4, 2001

Case No. CR 11065

BY JUDGE J. MICHAEL GAMBLE

The defendant appealed his conviction of driving under the influence, second offense within ten years, from the General District Court of Amherst County. At the trial of this case in the circuit court, the defendant moved to dismiss the charges on the grounds that the Commonwealth had failed to comply with the regulations of the Commonwealth of Virginia for the administration of the breath test. After hearing the arguments in this case, I took this issue under advisement. Upon consideration, the motion of the defendant to dismiss the charges for failure to comply with the regulations for the administration of the breath test is overruled. A discussion is set forth below.

Section 18.2-268.9 of the Code of Virginia provides, among other things, that breath tests shall be conducted "in accordance with the methods approved by the Department of Criminal Justice Services, Division of Forensic Science." The Virginia Register of Regulations publishes the regulations for the methods of conducting breath tests. At the time that the defendant was arrested in the instant case, 1 VAC 30-50-90(C) provided that any operator of a breath test device must verify that it is properly calibrated "and in proper working order by conducting a room air blank analysis prior to analysis of the breath of the person and by conducting a validation test with a control sample *immediately following the analysis of the breath of the person.*" (emphasis added).

In 1997, the Commonwealth of Virginia started utilizing a new breath test instrument called the Intoxilyzer Model 5000. In October 1998 the Department of Criminal Justice Services revised the Breath Test Operators Manual for use with the new Intoxilyzer Model 5000.

The previous breath test instrument (Smith & Wesson 900A) utilized a procedure wherein the validation test with a controlled sample was performed immediately following the analysis of the breath of the person. By virtue of this procedure with the old breath test instrument, regulation 1 VAC 30-50-90(C) was adopted.

When the Intoxilyzer Model 5000 was put into service, a new procedure was adopted wherein the control sample was performed immediately *prior* to the analysis of the breath of the person. The check list for the operation of the Intoxilyzer Model 5000 was modified to provide that the validation test with a control sample be performed prior to the analysis of the breath rather than after the analysis of the breath.

The regulation in the Virginia Register of Regulations was not modified until October 2000 to incorporate the new procedure with the Intoxilyzer Model 5000. In October 2000, the procedure was modified to provide that the validation test "be performed as part of the test protocol." 1 VAC 20-190-110(3).

The defendant in this case asserts that the procedure used by the police officer to conduct the validation test prior to the analysis of the breath violates the regulations adopted by the Commonwealth of Virginia and the provisions of § 18.2-268.9 of the Code of Virginia. The defendant's argues that § 18.2-268.9 of the Code of Virginia requires that the equipment be utilized in accordance with the methods approved by the Department of Criminal Justice Services of the Division of Forensic Science. Further, the defendant asserts that the regulations have the force of law pursuant to § 9-6.14:7.2 of the Code of Virginia.

While it is clear that the control sample was not taken immediately following the analysis of the breath of the defendant as provided in 1 VAC 30-50-90(C), the procedures set forth in the manual for the Intoxilyzer Model 5000 were followed. Procedures have been adopted by the Department of Criminal Justice Services as of October 14, 1998. Even though they had not been adopted as regulations under § 9-6.14:7.2 of the Code of Virginia, as of February 14, 2000, they have been listed as guidance documents in the Virginia Register of Regulations. Vol. 16, Issue 11, page 1505. Accordingly, at the time that the defendant was charged, the breath test operator's manual for the Intoxilyzer Model 5000

had been filed as a guidance document in the Virginia Register of Regulations.

The defendant basically argues that § 18.2-268.9 requires that the Commonwealth follow methods which are published in the Virginia Register of Regulations. This is not what the code section requires. It merely requires that the equipment be operated "in accordance with the methods approved by the Department of Criminal Justice Services. . . ." In the instant case, the police officer operating the breath test instrument followed the procedures set forth in the operator's manual for the Intoxilyzer 5000. Accordingly, this Court finds that there is compliance with both § 18.2-268.9 of the Code of Virginia and with the procedures adopted by the Department of Criminal Justice Services, Division of Forensic Science. Va. Code § 18.2-268.9 does not require that the procedures approved by the Department of Criminal Justice Services, Division of Forensic Science, be published or adopted as regulations. It merely requires that those procedures be followed. In the instant case, the Department of Criminal Justice Services has adopted methods and procedures to be utilized with the Intoxilyzer Model 5000 and has published those procedures. Those procedures have also been identified in the Virginia Register of Regulations. This constitutes a compliance with the statute.

By virtue of this ruling, it is necessary to schedule this case for trial on the merits.

### Order

For the reasons set forth in the opinion letter of June 4, 2001, the Court doth adjudge, order, and decree that the motion of the defendant to dismiss the case for failure to follow the breath test procedure requirements of 1 VAC 30-50-90(C) of the Virginia Register of Regulations is overruled. The Court directs that this case be set for trial on the merits.